IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| MICHAEL MCGONIGAL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00082-JJV |
| Commissioner, Social Security | * | |
| Administration | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michael McGonigal, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On May 4, 2011, Mr. McGonigal protectively filed for benefits due to curvature of the spine, scoliosis, back pain, learning problems, and vision problems. (Tr. 136) His claims were denied initially and upon reconsideration. At Mr. McGonigal's request, an Administrative Law Judge ("ALJ") held a hearing on November 28, 2012, where Mr. McGonigal appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. McGonigal. (Tr. 25-35)

The ALJ issued a decision on March 8, 2013, finding that Mr. McGonigal was not disabled under the Act. (Tr. 10-18) The Appeals Council denied Mr. McGonigal's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. McGonigal, who was thirty years old at the time of the hearing, has an eighth grade education and past relevant work experience as a cook and fast food worker. (Tr. 27-29)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. McGonigal had not engaged in substantial gainful activity since December 31, 2010, and he had the following severe impairments: back pain, obesity, and anxiety. (Tr. 12)  However, the ALJ found that Mr. McGonigal did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 13)

According to the ALJ, Mr. McGonigal has the residual functional capacity ("RFC") to do medium work, except that he is limited to unskilled work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote.  There must be few variables, little judgment, and the supervision required is simple, direct, and concrete. (Tr. 14)  The ALJ found that Mr. McGonigal could perform his past relevant work as a fast food worker, and was not disabled. (Tr. 17)

## III.    ANALYSIS

### A.     Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

B.    Mr. McGonigal's Arguments for Reversal

Mr. McGonigal asserts that the Commissioner's decision should be reversed because the ALJ: (1) failed "to have a vocational expert present given the combination of Plaintiff's impairments"; and (2) did not consider the GAF scores. (Doc. No. 13)

1.    Vocational Expert

Mr. McGonigal argues that the ALJ "failed to have a vocational expert present." (*Id.*) First, a VE was available by telephone, he simply was not questioned by the ALJ. Second, the ALJ stopped at step 4 and was not required to obtain testimony from the VE.[6]

More importantly, substantial evidence supported the ALJ's decision that Mr. McGonigal could perform his past relevant work. For example, Mr. McGonigal testified that he worked at a fast food restaurant after the alleged onset date.[7] (Tr. 28, 251) He takes only over the counter Advil for

---

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003) ("Vocational expert testimony is not required at step four where the claimant retains the burden of proving she cannot perform her prior work.").

[7]*Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (An ALJ may consider the fact that a claimant continued to work after his alleged onset date, because "[w]orking generally demonstrates an ability to perform a substantial gainful activity.").

his leg and back pain.[8] He has never seen a specialist for his alleged physical impairments, nor does he appear to get regular treatment for them.[9] (Tr. 33-34) Though Xanax helped with his anxiety,[10] he claims that he stopped taking it because he could not afford it.[11] He also claims that finances prevent him from seeing the doctor, but he is a smoker. (Tr. 29, 222, 250, 259, 267) Smoking is an expensive, ongoing habit that can be considered when weighing Mr. McGonigal's credibility.[12] Mr. McGonigal testified that he gets sick every year with bronchitis and pneumonia, but, again, he is a smoker. (Tr. 33)

Mr. McGonigal points out that one doctor determined that he "may have problems with the capacity to sustain completion of task and completing them in a timely manner because of his anxiety which affects his ability to be around others." (Doc. No. 13, Tr. 214, 270) Notably, the ALJ considered this in formulating this RFC. Additionally, as mentioned earlier, Mr. McGonigal's anxiety is controlled when he follows his prescribed treatment and takes his Xanax.

---

[8]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

[9]When there is no evidence that a claimant has taken advantage of low cost or no cost medical treatment available to him, an ALJ can properly find that a claimant's financial condition was not severe enough to justify his failure to seek treatment. See *Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[10]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[11]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[12]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication.").

Finally, there is a dearth of objective medical evidence supporting Mr. McGonigal's claims. In fact, he admits that the "medical [evidence] is meager." (Doc. No. 13) While there may be some evidence that Mr. McGonigal has limitations related to his alleged impairments, the ALJ's finding that he could perform medium work is supported by the record.[13]

    2.    GAF Scores

Mr. McGonigal argues that the ALJ erred in failing to consider his GAF scores. In May 2011, one doctor assessed him with a score of 40 and in June 2011, a second doctor assessed him with a score of 47-51. (Tr. 264, 270) Though GAF scores are not directly mentioned, the ALJ discussed Mr. McGonigal's activities of daily living, which were inconsistent with the low GAF scores. He also noted that Mr. McGonigal's anxiety is controlled when he takes his medication. Importantly, Mr. McGonigal was not taking his medication on the days he was assessed the low scores. Additionally, GAF scores appear to no longer be considered a valid measure of assessing a patient's functional abilities.[14] Finally, an ALJ can disregard GAF scores when they are contrary to the medical evidence and the claimant's functional abilities[15]

## IV.     CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

---

[13]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

[14]See Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders*, 16 (5th ed. 2013) (GAF scores have a "conceptual lack of clarity (*i.e.,* including symptoms, suicide risk, and disabilities in its descriptors) and questionable psychometrics in routine practice.").

[15]*Jones v. Astrue,* 619 F.3d 963, 973 (8th Cir. 2010).

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 23rd day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE